Rita S. SURREY, Appellant,

v.

Walter S. SURREY, Appellee.

No. 2284.

Municipal Court of Appeals for the
District of Columbia.

Argued March 16, 1959.

Decided May 28, 1959.

Jack Politz, Washington, D. C., for appellant.

Leonard Braman, Washington, D. C., with whom David G. Bress and Richard Arens, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In Surrey v. Surrey, D.C.Mun.App., 144 A.2d 421, we had before us an appeal by the husband from an order restoring to the wife the right of visitation with their children whose custody had been awarded to the husband. The present appeal is by the wife from the same order insofar as it dealt with other phases of the litigation.

The litigation was originally commenced by a complaint of the husband seeking custody of the children. The wife by responsive pleadings sought custody of the children and maintenance for herself and them. After a lengthy trial before Judge Myers he awarded custody to the father, granted visitation rights to the mother, and granted her separate maintenance. In the order granting maintenance the court, having found that $500 per month was a reasonable sum for her maintenance, ordered that the husband pay her such monthly sum, "provided, however, that the said payments of $500.00 per month shall not become effective until the said defendant moves out of her present residence at 3601 Newark Street, N. W., Washington, D. C.; and provided, further, that until the said defendant moves from the aforesaid premises, the plaintiff shall pay to her each week the sum of $75.00 as is provided for by the pendente lite order of this Court dated July 29, 1957."

The Newark Street property is jointly owned by the husband and wife and the wife has never moved out of the premises. Some months after entry of the above order the wife was admitted to St. Elizabeths Hospital for mental examination and thereafter found to be of unsound mind. As a result Judge Myers suspended her right of visitation with the children and suspended the order for maintenance.

At or about the time the wife was released from St. Elizabeths Hospital she filed a motion seeking various and sundry forms of relief including (1) restoration of visitation rights, (2) restoration of the order for maintenance and enlargement of maintenance to monthly payments of "$900 regardless of where defendant [wife] may reside," and (3) that the order for maintenance be "clarified" so as to make the husband responsible for payment of the "utility, heat and repair bills" at the Newark Street property, in addition to the $75 weekly payments.

This motion was heard by Judge Burnett. He restored the visitation rights, reinstated but did not enlarge the maintenance order, refused to "clarify" the maintenance order, and awarded counsel fees to the wife's attorneys in a sum much less than requested. As before stated the husband appealed from that portion of the order restoring the wife's right of visitation, and that part of the order is not before us. The wife appealed from those parts of the order refusing to clarify the maintenance order, to enlarge the maintenance order, and to grant larger counsel fees. When this appeal came on for hearing we were informed that the matter of counsel fees had been adjusted and was no longer an issue. This leaves before us only the questions relating to the clarification and enlargement of the maintenance order.

With respect to both matters, the wife now insists that Judge Burnett should not have ruled on these portions of her motions. We find little merit to this contention. When the motion was first presented to Judge Burnett, appellant's then counsel[1] made this statement: "This hearing, Your Honor, is primarily on defendant's motion for reinstatement, enlarge-

---

1. Not her present counsel.

ment and clarification of order for support and for reinstatement of order setting visitation rights, et cetera." There was nothing in this statement indicating that the wife was not submitting her entire motion for hearing and decision. When Judge Burnett suggested that Judge Myers should hear the motion, appellant's counsel stated that Judge Myers had declined to do so and Judge Burnett then consented to hear the motion. The wife's counsel then stated: "I'm addressing myself to the motion for reinstatement, enlargement and clarification of the order of support and for the reinstatement of the order setting visitation rights, et cetera." Again there was no indication that the entire motion was not being submitted for consideration.

Counsel for both parties first argued the question of restoration of the right of visitation. After the court announced that it would restore the order for visitation, counsel for the husband stated that he thought there was no other matter before the court, but the wife's counsel stated: "There are two or three other matters, Your Honor, that I'd like to address myself to at this moment," and began argument relating to clarification of the support order, and only when the court indicated that it would let the order stand as written was there a request by the wife's counsel to refer the matter to Judge Myers. When the Judge refused this request, he then asked: "Is there anything else for me to pass on?"

The wife's counsel then stated that "as far as the balance of this motion is concerned, it has been agreed between counsel that there will be a continuance." To this, the husband's counsel replied: "That is what I said a few minutes ago * * * and you pursued to argue and we have argued. Let's finish up the whole motion." The wife's counsel urged that the matter be continued asserting that "a wealth of testimony" would be required and that they were "utterly unprepared" to present it. The continuance was refused and the court ruled that the order for maintenance would be restored but not enlarged. Then the wife's counsel stated that there was "one further point," that of allowance of counsel fees. Counsel for the husband objected that there was no showing of what services had been rendered, but after some discussion the court made an allowance.

■ We think it is abundantly clear that the appellant pressed her motion for hearing before Judge Burnett without reservation of any kind, and as the hearing progressed attempted to withdraw a part of it from his consideration and sought a continuance of another part. If it was not the desire of counsel to have the entire motion disposed of by Judge Burnett and disposed of by him on that day, counsel should have made this clear at the beginning and sought the Judge's consent to hear only part of the motion that day. Counsel have no right to demand that a motion be heard piecemeal. The motion having been submitted in its entirety to the Judge, he was clearly justified in disposing of it in all its phases.

■ With respect to the claim of error in the refusal of the court to clarify the maintenance order regarding responsibility for utility bills of the Newark Street property, we find no error. Although the motion sought "clarification," the relief actually sought was to impose a liability on the husband which Judge Myers had not seen fit to do. We think it is evident that Judge Myers found that $500 a month would provide adequate support for the wife, ordered that sum paid to her provided she removed from the jointly owned property, and provided for a lesser sum if she remained in the property. If Judge Myers had intended that the husband pay the utility bills in addition to the weekly payments, we think he would have fixed some amount for that purpose rather than leave the husband liable for an undetermined amount over which he had no control. We think Judge Burnett was right in holding that if any question arose regarding the necessity of any substantial

repairs to the house, the question should be presented to the court when the occasion arose.

With regard to the claimed error in refusing to enlarge the maintenance order, we again fail to see error. Judge Myers, after extensive hearings, had fixed the maintenance not more than six months prior to the hearing of the motion. There was no showing of any change within this period justifying a larger maintenance. The argument is made that appellant was not afforded an opportunity to make such showing, but, as already pointed out, she submitted her motion to the court and should have been prepared to make her showing at that time.

Affirmed.